IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Janet C. Stalvey, on behalf of herself and all others similarly situated, ) ) ) | Civil Action No.: 4:12-527-MGL |
| Plaintiff, ) ) | |
| v. ) ) | **OPINION AND ORDER** |
| American Bank Holdings, Inc., American Bank, and NETCO, Inc., ) ) ) ) | |
| Defendants. ) | |

Before this Court are Motions to Dismiss filed by Defendant NETCO, Inc. ("NETCO") (ECF No. 9) and Defendants American Bank Holdings, Inc., and American Bank ("American Bank") (collectively "Defendants") (ECF No. 10) brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court is scheduled to hear arguments on these motions on March 14, 2013. Upon review of the pleadings filed in this case, the Court observed that Plaintiff failed to include a proper jurisdictional statement as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Thus, the complaint, as it now reads, does not adequately plead jurisdiction. For the reasons set forth below, the complaint is hereby dismissed without prejudice for lack of subject matter jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Janet C. Stalvey ("Plaintiff") brings this proposed class action lawsuit in her individual capacity and on behalf of a purported class[1] alleging that Defendants used unfair,

---

[1] Plaintiff defines the purported class as follows: "All persons who are residents of South Carolina who obtained a mortgage loan from American Bank secured in whole or in part by a lien on real estate which was closed by Netco, Inc. at any time within the applicable statute of limitations through the date of final judgment, excluding officers,

deceptive, misleading practices to sell and close real estate mortgage loans. Specifically, Plaintiff raises several causes of action alleging: 1) violation of the South Carolina Unfair Trade Practices Act; 2) violation of the South Carolina Consumer Protection Code; 3) negligence per se due to violations of statutory provisions which prohibit the unauthorized practice of law pursuant to South Carolina law; and 4) negligent Training and/or Supervision. (ECF No. 1.) Plaintiff alleges that Defendants engaged in certain practices common to all members of the class to include: 1) failure to conduct closings under the supervision of, or even in the presence of a licensed South Carolina attorney; 2) failure to ascertain the borrower's preference of counsel to supervise the closing or represent the borrower in violation of the South Carolina Consumer Protection Code; 3) causing documents to be notarized and signed by an attorney who was not present when the borrower signed them; 4) requiring borrowers to pay for legal fees which are prohibited by the South Carolina Consumer Protection Code; 5) failing to give consumers adequate time to examine loan documents prior to the closings; 6) requiring consumers and borrowers to pay an Attorney Closing and Supervision Fee when no attorney closed or supervised the closing of the loan; and 7) failing to provide borrowers with copies of the closing documents. Plaintiff maintains that she and members of the class are entitled to have their notes and mortgages declared null, void, and unenforceable, and either removed or marked as satisfied as a matter of public record. (ECF No. 1 at 12-13.) They seek declaratory, equitable, and/or injunctive relief and damages accordingly. (ECF No. 1 at 13.) NETCO

---

directors, employees and agents of the defendants and was not provided their preference of counsel as required by South Carolina law and/or paid fees prohibited by South Carolina law." (ECF No. 1 at ¶ 7.)

and American Bank filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 16, 2012 (ECF No. 9) and April 17, 2012 (ECF No. 10) respectively.

Defendant NETCO asserts all of Plaintiff's class action claims fail as a matter of law and seeks dismissal of the entire complaint. (ECF No. 9.) As an initial matter, NETCO states that the South Carolina Unfair Trade Practices Act and Consumer Protection Code explicitly prohibit class action relief and instead only allow for individual actions for damages. (ECF No. 9-1 at 2.) Next, NETCO argues that the cause of action for negligence per se must fail because South Carolina does not recognize a private right of action for violations of statutes prohibiting the unauthorized practice of law (S.C. Code Ann. § 40-5-310 and § 40-5-320). (ECF No. 9-1 at 2.) NETCO also maintains that Plaintiff's class claims alleging a violation of South Carolina's Consumer Protection Code (S.C. Code Ann. § 37-10-102) are prohibited under the enforcement provision of the statute. (ECF No. 9-1 at 3.) NETCO further argues that the negligent supervision claim also fails because NETCO owed no common law duty to Plaintiff. (ECF No. 9-1 at 3.) Finally, NETCO argues that Plaintiff's claim for injunctive relief must fail as a matter of law due to her failure to plead any causes of action that would serve as the basis for the injunctive relief sought. (ECF No. 9-1 at 3.)

Defendant American Bank raises arguments similar to those asserted by NETCO concerning Plaintiff's claims under the South Carolina Consumer Protection Code, and Unfair Trade Practices Act, and claims for negligence per se. American Bank maintains that, absent special circumstances not alleged here, a bank owes no common law duty of care to its customer under South Carolina law. (ECF No. 10-1 at 3.) Accordingly, American Bank contends that Plaintiff's claim for injunctive relief must also fail as a matter

of law since it claims that she has not plead a cognizable cause of action that would serve as the basis for class-wide injunctive relief. (ECF No. 10-1 at 3.) To summarize Plaintiff's response to Defendants' arguments, Plaintiff offers that the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.C. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) provides a basis for her to pursue statutory class action claims in this Court even though they would otherwise be precluded in state court because "F.R.C.P. 23 'trumps' the class action prohibitions contained in the South Carolina Consumer Protection Code and the South Carolina Unfair Trade Practices Act." (ECF No. 20 at 4.) Plaintiff also argues that although the relevant South Carolina statutes do not provide a private right of action for the unauthorized practice of law, a different standard allows her to pursue her negligence per se claims. Plaintiff seeks to pursue claims for negligent training, supervision, and for injunctive relief, citing South Carolina case law in support of her position.

## DISCUSSION

Before reaching the merits of Defendants' arguments, this court must consider whether it has jurisdiction over the matter. *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (noting that federal courts are constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute, thus, courts have a "duty to inquire, sua sponte, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears."). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.*; *Dracos v. Hellenic Lines Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs

must affirmatively plead the jurisdiction of the court"), cert. denied, 474 U.S. 945 (1985). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that pleadings setting forth a claim for relief provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed.R.Civ.P. 8(a)(1). Federal Rule of Civil Procedure 12(h)(3) provides that "[if] the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999). If a court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court may lack subject matter jurisdiction. *Id.*

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* On the other hand, "she invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.; see* § 1332(a).

Plaintiff's complaint makes a single statement concerning jurisdiction: "This court has jurisdiction over the Defendants pursuant to S.C. Code Ann. §§ 36-2-802 and 36-2-803(d), (f), (6)." (ECF No. 1, ¶ 1.) These code sections set forth the basis for the exercise of

personal jurisdiction based on "long arm" provisions and do not address the question of federal subject matter jurisdiction. Although the complaint does not explicitly state its basis for subject-matter jurisdiction in federal court, it might be based on diversity jurisdiction under 28 U.S.C. § 1332 since no federal question appears to have been raised and only state law claims are set forth in the complaint. The Court has reviewed Plaintiff's JS44 civil cover sheet, approved by the Judicial Conference of the United States in 1974 (Rev.03/99), and it appears that Plaintiff suggests federal question jurisdiction based on Federal Rule 23. (ECF No. 2.) To the extent Plaintiff claims federal question jurisdiction on the basis of her assertion of Federal Rule of Civil Procedure 23 only, this Court notes that the federal rules do not create an independent basis for federal question jurisdiction. *Pineville Real Estate Operation Corp. v. Michael*, 32 F.3d 88 (4th Cir. 1994) ("when there is no federal cause of action and the application of a federal statute is but an element of Plaintiff's state cause of action, we lack federal question jurisdiction. That result is even more apparent when, as here, the only federal law Pineville argues is relevant to the case are the Federal Rules of Civil Procedure, because the Rules themselves provide that they are not to be construed to limit or extend the jurisdiction of the district courts.") In any event, the complaint itself makes no mention of any federal statute and at no point does Plaintiff allege jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") either.[2]

Thus, this action appears to be properly before this Court only if Plaintiff can establish diversity jurisdiction. Under 28 U.S.C. § 1332:

(a) The district courts shall have original jurisdiction of all civil actions where the

---

[2] The CAFA statute requires 100 class members and an aggregate amount in controversy of $5,000,000 to establish jurisdiction. 28 U.S.C. § 1332(d).

matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between—

(1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).

Assuming that complete diversity exists in this case, meaning that no party on one side may be a citizen of the same state as any party on the other side, there are simply no factual allegations contained in Plaintiff's complaint from which any amount in controversy can be determined.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554–55 (2005).  The jurisdictional allegations, set forth in their entirety above, are inadequate to establish the existence of federal subject matter jurisdiction.  Generally, courts will determine the amount in controversy by reference to the sum claimed by Plaintiff in the complaint.  *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635 (4th Cir. 2010) (discussing means of calculating jurisdiction amount for diversity purposes).  Here, however, Plaintiff has not identified a plausible federal question nor has she stated a sufficient sum amount in controversy.[3]  Additionally, this Court has no basis to gauge the value of Plaintiff's request for injunctive relief.  *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347(1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").  The burden is on the party seeking to invoke federal subject matter jurisdiction and Plaintiff's

---

[3] At most Plaintiff indicates that it is "estimated that multi-millions of dollars worth of loans were closed using the tactics and practices" described in the complaint but this statement does not aid in establishing the amount in controversy. (ECF No. 1,¶ 19). Otherwise, the only sums referenced by Plaintiff in the complaint are the various closing and administrative fees Stalvey paid in connection with the loan which do not appear to be more than $4,000.00. (ECF No. 1,¶ 29.)

complaint lacks in that regard.

## CONCLUSION

Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8(a)(1)'s requirement that pleadings setting forth a claim for relief provide "a short and plain statement of the grounds for the court's jurisdiction . . ." Fed.R.Civ.P. 8(a)(1). Viewing the facts in the light most favorable to Plaintiff, this Court cannot establish that it has federal subject matter jurisdiction based on the allegations of the complaint. The Court is particularly unable to determine if relevant statutory requirements for establishing jurisdiction have been met. The complaint, as it now reads, does not adequately plead jurisdiction. Accordingly, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Consequently, Defendants' Motions to Dismiss the Complaint brought pursuant to Rule 12(b)(6) are DENIED as MOOT.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

March 12, 2013
Spartanburg, South Carolina